## IN THE DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

FEI DENG                )
                       )
      Plaintiff       )
                       )     **C.A.:**  25-cv-03316
      v.               )
                       )
MOZACI              )
                       )
      Defendant     )
                       )
_____)

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

Plaintiff Fei Deng ("Plaintiff") hereby presents this action against MOZACI (collectively, "Defendants") and allege as follows:

## JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that pursuant to 28 U.S.C. § 1367(a), including claims against the Defendant, who individually sells the <u>same</u>, knock-off product of the claimed design.

2.     The Honorable Court is the proper venue pursuant to 28 U.S.C. § 1391 and may properly exercise personal jurisdiction over the Defendant since the Defendant directly targets business activities toward consumers in the United States, including the State of Illinois, through the fully interactive, commercial Internet store links operating under the Online Marketplace Account identified as "MOZACI"  (the "Defendant Internet Store").  Specifically,

1

the Defendant is reaching out to do business with Illinois residents by operating its commercial interactive Defendant Internet Store, wherein Illinois residents can purchase products featuring the Plaintiff's patented design. The Defendant has targeted the sales from Illinois residents by operating online stores links that offer shipping to the United States, including Illinois, accepts payment in U.S. dollars, and on information and belief, sold products featuring the Plaintiff's patented design to the residents of Illinois. The Defendant commits tortious acts in Illinois, engaging in interstate commerce, and has wrongfully caused the Plaintiff substantial injury in the State of Illinois and the United States.

**INTRODUCTION**

3.      The Plaintiff filed this action to combat the online infringers who unfairly infringe the Plaintiff's invention and potential designs through marketing, selling, and/or distributing an unlicensed product that infringes upon Plaintiff's U.S. Patent US D1,032,188 S (**188) entitled "SQUARE FIDGET POP KEYCHAIN" (See, Exhibit A), filed April 20, 2023, issuing June 25, 2024. The Defendant created the Defendant Internet Store and designed it to appear as if selling licensed products, while actually and knowingly marketing, selling, and/or distributing the same knockoff products. The Defendant attempts to conceal both its identity and the full scope and interworking of its operation. Plaintiff is forced to file these actions to combat the Defendant's continuous infringement of its patented design. The Plaintiff has been and continues to be irreparably damaged and harmed from the loss of its patents rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of the Defendant's actions and seek temporary, preliminary, and permanent injunctive and monetary relief.

2

## BACKGROUND

4.      Plaintiff, Fei Deng is an individual resident in Bozhou, CHINA. Plaintiff is the owner of U.S. Patent US D1,032,188 S (**188) entitled "SQUARE FIDGET POP KEYCHAIN", filed April 20, 2023, issuing June 25, 2024.

5.      Plaintiff Fei Deng is an individual residing in Bozhou, China.  Plaintiff is the owner and operator of a factory and company that is highly professional and locally well-known for manufacturing toys and various other daily-use products.  Plaintiff's factory is recognized for its expertise and commitment to quality production, further enhancing the reputation of the patented product at issue in this case.

6.      Plaintiff and his design team collaboratively created the design for the "SQUARE FIDGET POP KEYCHAIN" and continuously refined the design to achieve both aesthetic appeal and functionality.  During the development process, Plaintiff utilized professional 3D design software to create detailed 3D images for the product's industrial mold production, ensuring precision and high-quality manufacturing.

7.      In addition to manufacturing the product embodying the U.S. Patent US D1,032,188 S (**188), Plaintiff authorizes selected certain third-party stores to sell the products. This controlled distribution strategy helps maintain the integrity of the patented design and ensures that authorized sellers represent the product's quality and brand.

8.      Plaintiff is the owner of U.S. Patent US D1,032,188 S (**188), entitled "SQUARE FIDGET POP KEYCHAIN" (attached as Exhibit A), filed April 20, 2023, issuing June 25, 2024.  Plaintiff has established the product as the first to market, with a well-earned reputation for quality and innovation.  An image of the claimed design is shown in the Image 1 below:

9.

3



IMAGE 1

10.    The Plaintiff is the lawful owner of all rights, title, and interest in the U.S. Patent US

D1,032,188 S (**188) entitled "SQUARE FIDGET POP KEYCHAIN", filed June 17, 2022,

issuing June 25, 2024.

11.    The Plaintiff has not granted a license or any other form of permission to the

Defendant with respect to the claimed design.

12.    The Defendant is a business entity who, upon information and belief, resides in the

People's Republic of China or other foreign and domestic jurisdictions. The Defendant conducts

business throughout the United States, including within the State of Illinois and this Judicial

4

District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. The Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Knockoff products to consumers within the United States, including the State of Illinois. The Defendant and its respective knockoff products sold on its online store links are shown in Exhibit C.

13. Defendant has actually marketed, sold, and delivered infringing product to the State of Illinois (Exhibit D).

14. On information and belief, Defendant is an infringer working in active concert to knowingly and willfully makes, uses, offers for sale, sell, and/or imports into the United States for subsequent sale or uses the same product that infringe the **188 Patent in in a series of occurrences. Tactics used by Defendant to conceal its identity and the full scope of its operation make it virtually impossible for Plaintiff to learn the Defendant's true identity and the exact interworking of its network. In the event that the Defendant provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

15. Plaintiff has not licensed or authorized the Defendant to use the invention claimed in the **188 Patent, and the Defendant is not authorized retailers of Plaintiff.

16. On information and belief, the Defendant regularly creates new online marketplace accounts on various platforms using the identity as "MOZACI", as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendant to conceal its identities, the full scope and interworking of its operation, and to avoid being shut down.

17.     In addition to operating under multiple fictitious names, the Defendant in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts.  For example, infringers like the Defendant will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit.  Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

18.     Further, infringers such as the Defendant typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation despite the Plaintiff's enforcement efforts, such as take down notices.

19.     According to the Amazon store owner's information, as showed on Amazon websites, the Defendants can be identified via Chinese official company registration system.  It is a registered company and actual owners of that company are located in China. The Defendant's company only has few employees, and these employees are also the actual owners of the Defendant company.

20.     Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the U.S. Patent US D1,032,188 S (**188), and continues to do so via the Defendant Internet Stores. The Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, the Defendant has sold Knockoff products into the United States, including Illinois.

21.     Defendant's infringement of the U.S. Patent US D1,032,188 S (**188), in the offering to sell, selling, or importing of the Knockoff products was willful.

22.     Defendant's  infringement  of  the  U.S.  Patent  US  D1,032,188  S  (**188)  in

6

connection with the offering to sell, selling, or importing of the Knockoff products, including the offering for sale and sale of Knockoff products into Illinois, is irreparably harming Plaintiff.

**COUNT I**
**INFRINGEMENT OF UNITED STATES**
**DESIGN PATENT NO. D1,032,188 (35 U.S.C. § 171)**

23.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

24.     Defendant offers for sale, sells, and/or imports into the United States for subsequent resale or uses Knockoff products that infringe directly and/or indirectly the ornamental design claimed in the U.S. Patent US D1,032,188 S (**188).

25.     Defendant has infringed the D1,032,188 S (**188) Patent through the aforesaid acts and will continue to do so unless enjoined by this Court.  Defendant's wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

26.     Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting on in active concert therewith from infringing the D1,032,188 S (**188) Patent, Plaintiff will be greatly and irreparably harmed.

27.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against the Defendant as follows:

1)      That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

      a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patented Design; and

      b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

      c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2)      Entry of an Order that, upon Plaintiff's request, those in privity with the Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, etsy.com , Amazon, Wish.com, Walmart.com, Temu.com and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

      a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Design; and

      b. disable and cease displaying any advertisements used by or associated with Defendants

in connection with the sale of infringing goods using the Patented Design; and

c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against the Defendant that are adequate to compensate Plaintiff for infringement of the Patented Design, and all of the profits realized by the Defendant, or others acting in concert or participation with the Defendant, from the Defendant's unauthorized use and infringement of the Patented Design;

4) That Plaintiff be awarded from the Defendant, as a result of the Defendant's use and infringement of the Patented Design, three times Plaintiff's therefrom and three times the Defendant's profits therefrom, after an accounting, pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

DATED: March 27, 2025               Respectfully Submitted:

Robert M. DEWITTY
D&A|RM DeWitty, U.S. Pat. Atty., LLC
1500 K Street, 2nd Fl., 249B
Washington, D.C. 20005

1018 W. Madison Street, #5
Chicago, IL 60609
Tel: 202-571-7070 / 202 888-4309
Email: rmdewitty@dewittyip.com